**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | | |
|---|---|---|
| **FINTIV, INC.,** | § | |
| | § | **Civil Action No.: 6:22-cv-00288** |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **JURY TRIAL DEMANDED** |
| | § | |
| **PAYPAL HOLDINGS, INC.** | § | |
| | § | |
| **Defendant.** | § | |

## ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Fintiv, Inc. ("Fintiv"), by and through its attorneys, for its Original Complaint for Patent Infringement against Defendant PayPal Holdings, Inc. ("PayPal"), hereby alleges the following:

### I.    NATURE OF THE ACTION

1.    PayPal, a $112 billion company, for years has been unlawfully using property owned by Fintiv — mobile wallet patents invented by Fintiv, a small technology company — and making enormous profits from its use of those extremely valuable patents.   PayPal has not only been knowingly and unlawfully using Fintiv's patents without Fintiv's permission, but it has flatly refused to pay Fintiv for its use of those patents.   Accordingly, Fintiv brings this patent infringement action to put an end to PayPal's unauthorized and infringing use of Fintiv's patented inventions and to recover the damages Fintiv has suffered as a result of PayPal's egregious misconduct.

2.    Fintiv is the owner of all rights, titles, and interests in and to United States Patent Nos. 8,538,845 ("the '845 Patent"), 9,892,386 (the "'386 Patent"), and 11,120,413 ("the '413 Patent"), 9,208,488 (the "'488 Patent"), and the 10,438,196 (the "'196 Patent") (collectively the

"Patents-in-Suit").  The '845 Patent, '386 Patent, and '413 Patent are titled "Monetary Transaction System."  The '488 Patent and '196 Patent are titled "Using a Mobile Warrant Infrastructure to Support Multiple Mobile Wallet Providers."  True and correct copies of the Patents-in-Suit are attached hereto as Exhibits.

3.      PayPal makes, provides, sells, offers for sale, uses, and/or distributes products and services which directly infringe the Patents-in-Suit.  Further, PayPal indirectly infringes the Patents-in-Suit by inducing and/or contributing to infringement by others, including PayPal users.

4.      Fintiv seeks monetary damages, injunctive relief, and pre- and post–judgment interest for PayPal's past and continuing infringement of the Patents-in-Suit.

## II.      PARTIES

5.      Plaintiff Fintiv, Inc. is a Delaware corporation having a principal place of business at 801 Barton Springs, Austin, Texas 78704.

6.      Fintiv is a financial technology company that provides mobile commerce, payment solutions, and digital currency globally.

7.      Fintiv's cloud-based technology delivers payments, mobile loyalty solutions, and digital currency to companies in retail, financial services, consumer packaged goods, and telecom that serve both banked and unbanked consumers worldwide via the mobile phone.   Fintiv also offers mobile wallet solutions that are capable of a variety of transactions, including mobile payments, digital currency, money transfer, remittance, bill payment, point-of-sale integration, loyalty rewards, and cloud payments.

8.      Fintiv, through its wholly-owned operating subsidiary, Cloud Payments LLC ("Cloud Payments"), processes merchant and consumer payments and loyalty.  Cloud Payments uses sophisticated and proprietary technologies and techniques to optimize online, point of sale,

2

and mobile payments.  Cloud Payments' optimized payment processing service delivers a lower cost and higher value, offers a suite of digital engagement tools enabling marketing automation using payment data, and employs data monetization to generate net-new revenue for customers.  It is available through app store through the app titled "Fundz."

9.     Defendant PayPal Holdings, Inc. is a corporation organized and existing under the laws of Delaware and has a regular and established place of business at 7700 W Palmer Lane, Building D, Austin, Texas 78729 (the "Austin Office").  Upon information and belief, Defendant has over 150 employees at this location, including engineers, developers, and business analysts. PayPal consistently advertises jobs for its Austin Office, and hosts meetings at the Austin Office. For example, PayPal currently is advertising numerous technical and business roles involving the technology disclosed in the asserted Patents, including specifically positions related to mobile wallets, mobile payments including engineering, software development, marketing, sales, and related positions.

- https://jobsearch.paypal-corp.com/en-US/job/branded-experiences-quality-engineer/J3Q3006WVSS8T769XVH

- https://jobsearch.paypal-corp.com/en-US/job/branded-experiences-backend-engineer/J3M69M66890YLKYXGX5

- https://jobsearch.paypal-corp.com/en-US/job/branded-experiences-ios-engineer/J3V4TJ6S2WF7LFMYC7K

- https://jobsearch.paypal-corp.com/en-US/job/staff-software-engineer/J3T1Q16N10753B123TQ

- https://jobsearch.paypal-corp.com/en-US/job/director-payment-optimization-bd/J3V6DN5WBDG4TZG898Z

3

- https://jobsearch.paypal-corp.com/en-US/job/str-product-insights-market-research/J3R8F366SP695212H44

- https://jobsearch.paypal-corp.com/en-US/job/mobile-software-engineer-android/J3W2M8757N3NRY06Z67

- https://jobsearch.paypal-corp.com/en-US/job/sr-sales-engineer/J3P8635X03KDV1WFH32

10.    PayPal is a financial technology company that operates an online payments system, serves as an electronic alternative to traditional paper methods such as checks and money orders, and processes payments.

### III.    JURISDICTION AND VENUE

11.    This is an action for patent infringement, which arises under the Patent Laws of the United States, in particular, 35 U.S.C. §§ 271, 281, 282, 284, and 285.  The Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338(a).

12.    This Court has personal jurisdiction over Defendant because it has committed acts giving rise to this action within Texas and within this judicial district.  Defendant also regularly does business or solicits business in this District and in Texas, engages in other persistent courses of conduct and derives substantial revenue from products and/or services provided in this District and in Texas, and has purposefully established substantial, systematic, and continuous contacts within this District and should reasonably expect to be sued in a court in this District.  For example, Defendant has offices and employees in this District, including the Austin Office, and has a Texas registered agent for service.  Given these contacts, the Court's exercise of jurisdiction over Defendant will not offend traditional notions of fair play and substantial justice.

13.     Venue in the Western District of Texas is proper pursuant to 28 U.S.C. §§ 1391(b), (c) and 1400(b) because Defendant has an established place of business in this District at 7700 W Palmer Lane, Building D, Austin, Texas 78729, has committed acts within this judicial district giving rise to this action, and  continues to conduct business in this judicial district, including one or more acts of making, selling, using, importing and/or offering for sale infringing products and services to Defendant's customers in this District.

## IV.     THE PATENTS-IN-SUIT

**The '845 Patent**

14.     The '845 Patent is titled "Monetary Transaction System."  The provisional applications of the '845 Patent were filed on June 3, 2011 and August 10, 2011.  The non-provisional application of the '845 Patent was filed on May 30, 2012.  The '845 Patent issued on September 17, 2013.  A true and correct copy of the '845 Patent is attached hereto as **Exhibit A** and incorporated herein by reference.

15.     The '845 Patent is fully described and explained in the attached Exemplary '845 Patent Infringement Chart.  A true and correct copy of the Exemplary '845 Patent Infringement Chart is attached hereto as **Exhibit B**.

16.     Fintiv owns all substantial and material rights to and interests in the '845 Patent, including the right to recover damages for all past and future infringement thereof.

17.     The '845 Patent is valid and enforceable.

**The '386 Patent**

18.     The '386 Patent is titled "Monetary Transaction System."  The non-provisional application of the '386 Patent was filed on July 1, 2016, which is a continuation of provisional applications filed on June 3, 2011 and August 10, 2011, and claims priority to the same.  The '386

Patent issued on February 13, 2018.  A true and correct copy of the '386 Patent is attached hereto as **Exhibit C** and incorporated herein by reference.

19.     The '386 Patent is fully described and explained in the attached Exemplary '386 Patent Infringement Chart.  A true and correct copy of the Exemplary '386 Patent Infringement Chart is attached hereto as **Exhibit D**.

20.     Fintiv owns all substantial and material rights to and interests in the '386 Patent, including the right to recover damages for all past and future infringement thereof.

21. The '386 Patent is valid and enforceable.

**The '413 Patent**

22.     The '413 Patent is titled "Monetary Transaction System."  The non-provisional application of the '413 Patent was filed on September 12, 2019, which is a continuation of provisional applications filed on June 3, 2011 and August 10, 2011, and claims priority to the same.  The '413 Patent issued on September 14, 2021.  A true and correct copy of the '413 Patent is attached hereto as **Exhibit E** and incorporated herein by reference.

23.     The '413 Patent is fully described and explained in the attached Exemplary '413 Patent Infringement Chart.  A true and correct copy of the Exemplary '413 Patent Infringement Chart is attached hereto as **Exhibit F**.

24.     Fintiv owns all substantial and material rights to and interests in the '413 Patent, including the right to recover damages for all past and future infringement thereof.

25.     The '413 Patent is valid and enforceable.

**The '488 Patent**

26.     The '488 Patent is titled "Using a Mobile Wallet Infrastructure to Support Multiple Mobile Wallet Providers."  The non-provisional application of the '488 Patent was filed on

November 19, 2012, which is a continuation of provisional applications filed on November 21, 2011 and claims priority to the same.  The '488 Patent was issued on December 8, 2015.  A true and correct copy of the '488 Patent is attached hereto as **Exhibit G** and incorporated herein by reference.

28.     The '488 Patent is fully described and explained in the attached Exemplary '488 Patent Infringement Chart.  A true and correct copy of the Exemplary '488 Patent Infringement Chart is attached hereto as **Exhibit H**.

28.     Fintiv owns all substantial and material rights to and interests in the '488 Patent, including the right to recover damages for all past and future infringement thereof.

29.     The '488 Patent is valid and enforceable.

**The '196 Patent**

30.     The '196 Patent is titled "Using a Mobile Wallet Infrastructure to Support Multiple Mobile Wallet Providers."  The non-provisional application of the '196 Patent was filed on October 30, 2015, which is a continuation of provisional applications filed on November 21, 2011 and claims priority to the same.  The '196 Patent was issued on October 8, 2019.  A true and correct copy of the '196 Patent is attached hereto as **Exhibit I** and incorporated herein by reference.

31.     The '196 Patent is fully described and explained in the attached Exemplary '196 Patent Infringement Chart.  A true and correct copy of the Exemplary '196 Patent Infringement Chart is attached hereto as **Exhibit J**.

32.     Fintiv owns all substantial and material rights to and interests in the '196 Patent, including the right to recover damages for all past and future infringement thereof.

33.     The '196 Patent is valid and enforceable.

## V.       PAYPAL'S PRE-SUIT KNOWLEDGE OF FINTIV
##                AND THE PATENTS-IN-SUIT

34.    Prior to filing this complaint, Fintiv informed Defendant that it was using the Patents-in-Suit, offered to license its patents, including the Patents-in-Suit, to Defendant, and shared detailed information about its patents, including the Patents-in-Suit, with Defendant. Accordingly, Defendant had knowledge of Fintiv and the Patents-in-Suit prior to the filing of this complaint.

35.    On or about March 15, 2016, the Global Strategic Partner of Business Development for PayPal at the time ("PayPal's Agent") emailed Fintiv requesting contact info or a teleconference with one of the founders of Fintiv (the "Fintiv's Founder"). PayPal's Agent held numerous roles at PayPal from August 2011 to November 2020, when he left to serve as Head of North America New Channel Sales at PayPal for Hyperwallet (where he remains today).

36.    On or about March 16, 2016, Fintiv's Founder and PayPal's Agent had a phone call that lasted over an hour to discuss Fintiv's patented technology, a strategic partnership between the two companies, and PayPal's interest in acquiring Fintiv. On this call Fintiv, discussed the '845 and '488 Patents extensively.

37.    In addition, during the call, PayPal asked about acquiring Fintiv. PayPal's Agent asked Fintiv's Founder if he and the management team would be available for a meeting with PayPal's Senior Vice President, Head of Corporate Development (M&A) ("PayPal's SVP") at the time. PayPal's Agent said that the meeting could be held within ten days at Fintiv headquarters in Austin. PayPal's Agent informed Fintiv's Founder that PayPal's SVP traveled regularly to PayPal's Austin offices. The meeting in Austin did not end up taking place.

38.    On or about June 13, 2019, the Chairman of Advection Growth Capital LLC ("Advection"), acting on behalf of Fintiv, sent an email to PayPal's Director of Global Corporate Development ("PayPal's Director") specifically identifying the '845, '386, and '488 Patents and

explaining how these patents could be of benefit to Defendant under a section titled "PayPal Engagement Notes." PayPal's Director has been employed at PayPal since May 2015, and currently serves as PayPal's Senior Director of Global Corporate Development. This email also attached a 15-page PowerPoint presentation created by Fintiv that specifically discussed the '845, '386, and '488 Patents and the technology claimed by them to further illustrate the benefits of those patents to Defendant, and described Fintiv's lines of business, including Cloud Payments' payment processing and interchange optimization.

39.     On or about August 1, 2019, Fintiv's President, one of Fintiv's directors ("Fintiv's Director"), and Advection, had a call with PayPal's Director, to further explore Defendant's licensing of the Patents-in-Suit due to their continued infringement of the patents.

40.     On or about August 8, 2019, Fintiv's President, Fintiv's Director, and Advection met with Defendant at PayPal's headquarters in San Jose. PayPal's Director and its Investor of PayPal Ventures ("PayPal's Investor"), attended this one-hour meeting, during which Fintiv shared further details regarding the Patents-in-Suit for the purpose of entering into a license deal with Defendant. Fintiv further told PayPal's representatives of about the applications, amendments, and portfolio of an additional 80 pending patents it had and noted that PayPal would be infringing on said patents in addition to the issued patents they were already infringing upon. The Parties also talked about PayPal's continued interested in acquiring Fintiv.

41.      After delaying over the course of a year, Defendant decided not to license the Patents-in-Suit or acquire Fintiv.

42.     However, Defendant has continued to make, provide, sell, offer for sale, use, and/or distribute products and services which directly infringe the Patents-in-Suit. Further, Defendant has

continued to indirectly infringe the Patents-in-Suit by inducing and/or contributing to the infringement by others, including PayPal users and partners.

## COUNT I:   DIRECT INFRINGEMENT OF THE '845 PATENT

43.    Fintiv incorporates paragraphs 1 through 42 herein by reference.

44.    Defendant, without authorization or license from Fintiv, has been and is presently directly infringing, literally or under the doctrine of equivalents, at least claim 5 of the '845 Patent ("Exemplary '845 Patent Claims"), as infringement is defined by 35 U.S.C. § 271(a), including through making, using (including for testing purposes), selling, offering for sale, and/or distributing infringing products.  Exemplary infringing products include at least PayPal's servers and Backend System that interacts with mobile devices (collectively, "Exemplary PayPal Products").

45.    **Exhibit B** attached hereto includes charts comparing the Exemplary '845 Patent Claims to the Exemplary PayPal Products.  As set forth in these charts, the Exemplary PayPal Products practice the technology claimed by the '845 Patent.  Accordingly, the Exemplary PayPal Products incorporated in these charts satisfy all elements of the Exemplary '845 Patent Claims literally or under the doctrine of equivalents.

46.    Defendant's acts of infringement have caused damage to Fintiv.  Fintiv is entitled to recover damages in an amount to be determined at trial.  Further, Defendant's infringement of Fintiv's rights under the '845 Patent will continue to damage Fintiv's business, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by the Court.

47.    Defendant is and has been aware of the '845 Patent since at least March 2016, well before this Complaint.  Consequently, Defendant's infringement of the '845 Patent is willful and deliberate, entitling Fintiv to enhanced damages pursuant to 35 U.S.C. § 284.

### COUNT II:   INDIRECT INFRINGEMENT OF THE '845 PATENT

48.     Fintiv incorporates paragraphs 1 through 47 herein by reference.

49.     As described above, Defendant is and has been aware of the '845 Patent since at least August 2016.  And since that time, despite actual knowledge of the '845 Patent, Defendant has been and continues to indirectly infringe the '845 Patent.

50.     Defendant has been indirectly infringing, and continues to indirectly infringe, at least claim 5 of the '845 Patent through its partners', merchants', customers', and end-users' direct infringement of at least claim 5 of the '845 Patent, through at least the use of the Exemplary PayPal Products without authorization of license from Fintiv.

51.     Defendant is contributing to the infringement by others and/or inducing infringement by others by, among other things, providing instructions to its partners, merchants, customers, and end-users on how to download and use the PayPal application, including through its website www.PayPal.com and through instructions on third-party application providers, in a manner that infringes the Exemplary '845 Patent Claims.

52.     Defendant has also contributed and/or induced, and continues to contribute and/or induce the infringement of at least claim 5 of the '845 Patent by contributing to and/or inducing its partners, merchants, customers, and end-users to use its products, such as Exemplary PayPal Products, in an infringing manner as described above, including encouraging and instructing its partners, merchants, customers, and end-users through software and documentation provided by Defendant.

53.     For example, Defendant's website www.PayPal.com and its mobile application specifically instruct users how to use the PayPal front and backend systems in a manner that

infringes the patents.  Moreover, third party application stores such as the Google Play store and the Apple App store provides instructions and information for end-users.  On information and belief, this information is supplied by PayPal.  In addition, PayPal provides instructions on its the PayPal mobile application that instructs users to interact with the PayPal front and backend systems in a manner that infringes the Patents.

54.     Defendant has known that its infringing products, such as the Exemplary PayPal Products, cannot be used without infringing the technology claimed in the '845 Patent, as described in **Exhibit B**, and are not staple articles of commerce suitable for substantial non-infringing uses.

55.     Fintiv has been damaged by Defendant's infringement of the '845 Patent and will continue to be damaged by such infringement.  Fintiv is entitled to recover damages from Defendant to compensate it for Defendant's infringement, as alleged above, in an amount measured by no less than a reasonable royalty under 35 U.S.C. § 284, as well as enhanced damages pursuant to 35 U.S.C. § 284.

## COUNT III:  DIRECT INFRINGEMENT OF THE '386 PATENT

56.     Fintiv incorporates paragraphs 1 through 55 herein by reference.

57.     Defendant, without authorization or license from Fintiv, has been and is presently directly infringing, literally or under the doctrine of equivalents, at least claim 1 of the '386 Patent ("Exemplary '386 Patent Claims"), as infringement is defined by 35 U.S.C. § 271(a), including through making, using (including for testing purposes), selling, offering for sale, and/or distributing infringing products.  Exemplary infringing products include at least PayPal's servers and Backend System that interacts with mobile devices (collectively, "Exemplary PayPal Products").

58.     **Exhibit D** attached hereto includes charts comparing the Exemplary '386 Patent Claims to the Exemplary PayPal Products.  As set forth in these charts, the Exemplary PayPal

Products practice the technology claimed by the '386 Patent.  Accordingly, the Exemplary PayPal Products incorporated in these charts satisfy all elements of the Exemplary '386 Patent Claims literally or by the doctrine of equivalents.

59.     Defendant's acts of infringement have caused damage to Fintiv.  Fintiv is entitled to recover damages in an amount to be determined at trial.  Further, Defendant's infringement of Fintiv's rights under the '386 Patent will continue to damage Fintiv's business, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by the Court.

60.     Defendant is and has been aware of the '386 Patent since at least August 2019, well before this Complaint.  Consequently, Defendant's infringement of the '386 Patent is willful and deliberate, entitling Fintiv to enhanced damages pursuant to 35 U.S.C. § 284.

### COUNT IV:   INDIRECT INFRINGEMENT OF THE '386 PATENT

61.     Fintiv incorporates paragraphs 1 through 60 herein by reference.

62.     As described above, Defendant is and has been aware of the '386 Patent since at least August 2019.  And since that time, despite actual knowledge of the '386 Patent, has been and continues to indirectly infringe the '386 Patent.

63.     Defendant has been indirectly infringing, and continues to indirectly infringe, at least claim 1 of the '386 Patent through its partners', merchants', customers', and end-users' direct infringement of at least claim 1 of the '386 Patent, through at least the use of the Exemplary PayPal Products without authorization of license from Fintiv.

64.     Defendant is contributing to the infringement by others and/or inducing infringement by others by, among other things, providing instructions to its partners, merchants, customers, and end-users on how to download and use the PayPal application, including through

its website www.PayPal.com and through instructions on third-party application providers, in a manner that infringes Exemplary '386 Patent Claims.

65.     Defendant has also contributed and/or induced, and continues to contribute and/or induce the infringement of at least claim 1 of the '386 Patent by contributing to and/or inducing its partners, merchants, customers, and end-users to use its products, such as Exemplary PayPal Products, in an infringing manner as described above, including encouraging and instructing its partners, merchants, customers, and end-users through software and documentation provided by Defendant.

66.     For example, Defendant's website www.PayPal.com and its mobile application specifically instruct users how to use the PayPal front and backend systems in a manner that infringes the patents.  Moreover, third party application stores such as the Google Play store and the Apple App store provides instructions and information for end-users.  On information and belief, this information is supplied by PayPal.  In addition, PayPal provides instructions on its the PayPal mobile application that instructs users to interact with the PayPal front and backend systems in a manner that infringes the Patents.  Defendant has known that its infringing products, such as the Exemplary PayPal Products, cannot be used without infringing the technology claimed in the '386 Patent, as described in **Exhibit D**, and are not staple articles of commerce suitable for substantial non-infringing uses.

67.     Fintiv has been damaged by Defendant's infringement of the '386 Patent and will continue to be damaged by such infringement.  Fintiv is entitled to recover damages from Defendant to compensate it for Defendant's infringement, as alleged above, in an amount measured by no less than a reasonable royalty under 35 U.S.C. § 284, as well as enhanced damages pursuant to 35 U.S.C. § 284.

## COUNT V:   DIRECT INFRINGEMENT OF THE '413 PATENT

68.     Fintiv incorporates paragraphs 1 through 67 herein by reference.

69.     Defendant, without authorization or license from Fintiv, has been and is presently directly infringing, literally or under the doctrine of equivalents, at least claim 1 of the '413 Patent ("Exemplary '413 Patent Claims"), as infringement is defined by 35 U.S.C. § 271(a), including through making, using (including for testing purposes), selling, offering for sale, and/or distributing infringing products.  Exemplary infringing products include at least PayPal's servers and Backend System that interacts with mobile devices (collectively, "Exemplary PayPal Products").

70.     **Exhibit F** attached hereto includes charts comparing the Exemplary '413 Patent Claims to the Exemplary PayPal Products.  As set forth in these charts, the Exemplary PayPal Products practice the technology claimed by the '413 Patent.  Accordingly, the Exemplary PayPal Products incorporated in these charts satisfy all elements of the Exemplary '413 Patent Claims literally or by the doctrine of equivalents.

71.     Defendant's acts of infringement have caused damage to Fintiv.   Fintiv is entitled to recover damages in an amount to be determined at trial.  Further, Defendant's infringement of Fintiv's rights under the '413 Patent will continue to damage Fintiv's business, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by the Court.

72.     Defendant is and has been aware of the non-provisional application that lead to the issuance of '413 Patent since at least August 2019, well before this Complaint.  Consequently, Defendant's infringement of the '413 Patent is willful and deliberate, entitling Fintiv to enhanced damages pursuant to 35 U.S.C. § 284.

## COUNT VI:  INDIRECT INFRINGEMENT OF THE '413 PATENT

73.     Fintiv incorporates paragraphs 1 through 72 herein by reference.

74.     As described above, Defendant is and has been aware of the non-provisional application that led to the issuance of the '413 Patent since at least August 2019.  And since that time, despite actual knowledge of the '413 Patent, has been and continues to indirectly infringe the '413 Patent.

75.     Defendant has been indirectly infringing, and continues to indirectly infringe, at least claim 1 of the '413 Patent through its partners', merchants', customers', and end-users' direct infringement of at least claim 1 of the '413 Patent, through at least the use of the Exemplary PayPal Products without authorization of license from Fintiv.

76.     Defendant is contributing to the infringement by others and/or inducing infringement by others by, among other things, providing instructions to its partners, merchants, customers, and end-users on how to download and use the PayPal application, including through its website www.PayPal.com and through instructions on third-party application providers, in a manner that infringes the Exemplary '413 Patent Claims.

77.     Defendant has also contributed and/or induced, and continues to contribute and/or induce the infringement of at least claim 1 of the '413 Patent by contributing to and/or inducing its partners, merchants, customers, and end-users to use its products, such as Exemplary PayPal Products, in an infringing manner as described above, including encouraging and instructing its partners, merchants, customers, and end-users through software and documentation provided by Defendant.

78.     For example, Defendant's website www.PayPal.com and its mobile application specifically instruct users how to use the PayPal Payment System including backend systems in a manner that infringes the patents.  Moreover, third party application stores such as the Google Play store and the Apple App store provides instructions and information for end-users.  On information

16

and belief, this information is supplied by PayPal.  In addition, PayPal provides instructions on its

the PayPal mobile application that instructs users to interact with the PayPal front and backend

systems in a manner that infringes the Patents.

79.     Defendant has known that its infringing products, such as the Exemplary PayPal

Products, cannot be used without infringing the technology claimed in the '413 Patent, as described

in **Exhibit F**, and are not staple articles of commerce suitable for substantial non-infringing uses.

80.     Fintiv has been damaged by Defendant's infringement of the '413 Patent and will

continue to be damaged by such infringement.  Fintiv is entitled to recover damages from

Defendant to compensate it for Defendant's infringement, as alleged above, in an amount

measured by no less than a reasonable royalty under 35 U.S.C. § 284, as well as enhanced damages

pursuant to 35 U.S.C. § 284.

### COUNT VII: DIRECT INFRINGEMENT OF THE '488 PATENT

81.     Fintiv incorporates paragraphs 1 through 80 herein by reference.

82.     Defendant, without authorization or license from Fintiv, has been and is presently

directly infringing, literally or under the doctrine of equivalents, at least claim 1 of the '488 Patent

("Exemplary '488 Patent Claims"), as infringement is defined by 35 U.S.C. § 271(a), including

through making, using (including for testing purposes), selling, offering for sale, and/or distributing

infringing products.  Exemplary infringing products include at least PayPal's mobile payment system

that facilitate the use of the PayPal Application and Backend System (collectively, "Exemplary

PayPal Products").

83.     **Exhibit H** attached hereto includes charts comparing the Exemplary '488 Patent

Claims to the Exemplary PayPal Products.  As set forth in these charts, the Exemplary PayPal

Products practice the technology claimed by the '488 Patent.  Accordingly, the Exemplary PayPal

Products incorporated in these charts satisfy all elements of the Exemplary '488 Patent Claims literally or by the doctrine of equivalents.

84.     Defendant's acts of infringement have caused damage to Fintiv.   Fintiv is entitled to recover damages in an amount to be determined at trial.  Further, Defendant's infringement of Fintiv's rights under the '488 Patent will continue to damage Fintiv's business, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by the Court.

85.     Defendant is and has been aware of the '488 Patent since at least March 2016, well before this Complaint.  Consequently, Defendant's infringement of the '488 Patent is willful and deliberate, entitling Fintiv to enhanced damages pursuant to 35 U.S.C. § 284.

### COUNT VIII:  INDIRECT INFRINGEMENT OF THE '488 PATENT

86.     Fintiv incorporates paragraphs 1 through 85 herein by reference.

87.     As described above, Defendant is and has been aware of the '488 Patent since at least March 2016.  And since that time, despite actual knowledge of the '488 Patent, has been and continues to indirectly infringe the '488 Patent.

88.     Defendant has been indirectly infringing, and continues to indirectly infringe, at least claim 1 of the '488 Patent through its partners', merchants', customers', and end-users', direct infringement of at least claim 1 of the '488 Patent, through at least the use of the Exemplary PayPal Products without authorization of license from Fintiv.

89.     Defendant is contributing to the infringement by others and/or inducing infringement by others by, among other things, providing instructions to its partners, merchants, customers, and end-users on how to download and use the PayPal application, including through its website www.paypal.com and through instructions on third-party application providers, in a manner that infringes the Exemplary '488 Patent Claims.

90.     Defendant has also contributed and/or induced, and continues to contribute and/or induce the infringement of at least claim 1 of the '488 Patent by contributing to and/or inducing its partners, merchants, customers, and end-users to use its products, such as Exemplary PayPal Products, in an infringing manner as described above, including encouraging and instructing its partners, merchants, customers, and end-users through software and documentation provided by Defendant.

91.     For example, Defendant's website www.PayPal.com and its mobile application specifically instruct users how to use the PayPal Payment System including backend systems in a manner that infringes the patents.  Moreover, third party application stores such as the Google Play store and the Apple App store provides instructions and information for end-users.  On information and belief, this information is supplied by PayPal.  In addition, PayPal provides instructions on its the PayPal mobile application that instructs users to interact with the PayPal front and backend systems in a manner that infringes the Patents.

92.     Defendant has known that its infringing products, such as the Exemplary PayPal Products, cannot be used without infringing the technology claimed in the '488 Patent, as described in **Exhibit H**, and are not staple articles of commerce suitable for substantial non-infringing uses.

93.     Fintiv has been damaged by Defendant's infringement of the '488 Patent and will continue to be damaged by such infringement.  Fintiv is entitled to recover damages from Defendant to compensate it for Defendant's infringement, as alleged above, in an amount measured by no less than a reasonable royalty under 35 U.S.C. § 284, as well as enhanced damages pursuant to 35 U.S.C. § 284.

### COUNT IX:  DIRECT INFRINGEMENT OF THE '196 PATENT

94.     Fintiv incorporates paragraphs 1 through 93 herein by reference.

95.     Defendant, without authorization or license from Fintiv, has been and is presently directly infringing, literally or under the doctrine of equivalents, at least claim 1 of the '196 Patent ("Exemplary '196 Patent Claims"), as infringement is defined by 35 U.S.C. § 271(a), including through making, using (including for testing purposes), selling, offering for sale, and/or distributing infringing products.  Exemplary infringing products include at least PayPal's mobile payment system that facilitate the use of the PayPal System (collectively, "Exemplary PayPal Products").

96.     **Exhibit J** attached hereto includes charts comparing the Exemplary '196 Patent Claims to the Exemplary PayPal Products.  As set forth in these charts, the Exemplary PayPal Products practice the technology claimed by the '196 Patent.  Accordingly, the Exemplary PayPal Products incorporated in these charts satisfy all elements of the Exemplary '196 Patent Claims literally or by the doctrine of equivalents.

97.     Defendant's acts of infringement have caused damage to Fintiv.  Fintiv is entitled to recover damages in an amount to be determined at trial.  Further, Defendant's infringement of Fintiv's rights under the '196 Patent will continue to damage Fintiv's business, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by the Court.

98.     Defendant is and has been aware of the '196 Patent since at least March 2016, well before this Complaint.  Consequently, Defendant's infringement of the '196 Patent is willful and deliberate, entitling Fintiv to enhanced damages pursuant to 35 U.S.C. § 284.

## COUNT X:  INDIRECT INFRINGEMENT OF THE '196 PATENT

99.     Fintiv incorporates paragraphs 1 through 98 herein by reference.

100.     As described above, Defendant is and has been aware of the '196 Patent since at least March 2016.  And since that time, despite actual knowledge of the '196 Patent, has been and continues to indirectly infringe the '196 Patent.

101.   Defendant has been indirectly infringing, and continues to indirectly infringe, at least claim 1 of the '196 Patent through its partners', merchants', customers', and end-users', direct infringement of at least claim 1 of the '196 Patent, through at least the use of the Exemplary PayPal Products without authorization of license from Fintiv.

102.   Defendant is contributing to the infringement by others and/or inducing infringement by others by, among other things, providing instructions to its partners, merchants, customers, and end-users on how to download and use the PayPal application, including through its website www.paypal.com and through instructions on third-party application providers, in a manner that infringes the Exemplary '196 Patent Claims.

103.   Defendant has also contributed and/or induced, and continues to contribute and/or induce the infringement of at least claim 1 of the '196 Patent by contributing to and/or inducing its partners, merchants, customers, and end-users to use its products, such as Exemplary PayPal Products, in an infringing manner as described above, including encouraging and instructing its partners, merchants, customers, and end-users through software and documentation provided by Defendant.

104.   For example, Defendant's website www.PayPal.com and its mobile application specifically instruct users how to use the PayPal Payment System including backend systems in a manner that infringes the patents.  Moreover, third party application stores such as the Google Play store and the Apple App store provides instructions and information for end-users.  On information and belief, this information is supplied by PayPal.  In addition, PayPal provides instructions on its the PayPal mobile application that instructs users to interact with the PayPal front and backend systems in a manner that infringes the Patents.

105.    Defendant has known that its infringing products, such as the Exemplary PayPal Products, cannot be used without infringing the technology claimed in the '196 Patent, as described in **Exhibit J**, and are not staple articles of commerce suitable for substantial non-infringing uses.

106.    Fintiv has been damaged by Defendant's infringement of the '196 Patent and will continue to be damaged by such infringement.  Fintiv is entitled to recover damages from Defendant to compensate it for Defendant's infringement, as alleged above, in an amount measured by no less than a reasonable royalty under 35 U.S.C. § 284, as well as enhanced damages pursuant to 35 U.S.C. § 284.

## VI.    <u>DEMAND FOR JURY TRIAL</u>

107.    Fintiv demands a trial by jury of any and all issues triable of right before a jury.

## VII.    <u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff Fintiv respectfully requests that the Court:

A.    Enter a judgment that the Patents-in-Suit are valid and enforceable;

B.    Enter a judgment that PayPal has directly infringed, contributorily infringed, and/or induced infringement of one or more claims of the Patents-in-Suit;

C.    Enter a judgment awarding Fintiv all damages adequate to compensate it for PayPal's direct or contributory infringement of, or inducement to infringe, the Patents-in-Suit, including all pre-judgment and post-judgment interest at the maximum rate permitted by law;

D.    Enter a judgment awarding Fintiv enhanced damages pursuant to 35 U.S.C. § 284, including for PayPal's willful infringement of the Patents-in-Suit;

E.      Enter a judgment awarding Fintiv ongoing royalties for Defendant's continued direct infringement, contributory infringement, and/or induced infringement of the Patents-in-Suit;

F.      Enter permanent injunctive relief preventing PayPal from further infringement, whether direct or contributory, and from further inducement of infringement of the Patents-in-Suit; or, in the alternative, enter a judgment awarding Fintiv ongoing royalties for PayPal's continued direct or indirect infringement of the Patents-in-Suit;

G.      Declare this case exceptional pursuant to 35 U.S.C. § 285;

H.      Enter an accounting of all damages not presented at trial; and

I.       Award Fintiv its costs, disbursements, attorneys' fees, and such further and additional relief as is deemed appropriate by this Court.


Dated: March 17, 2022                          RESPECTFULLY SUBMITTED,


                                       By: /s/ Raymond W. Mort, III
                                           Raymond W. Mort, III
                                           Texas State Bar No. 00791308
                                           raymort@austinlaw.com
                                           THE MORT LAW FIRM, PLLC
                                           100 Congress Ave, Suite 2000
                                           Austin, Texas 78701
                                           Tel/Fax: (512) 865-7950

Jonathan K. Waldrop (CA Bar No. 297903)
(Admitted in this District)
jwaldrop@kasowitz.com
Darcy L. Jones (CA Bar No. 309474)
(Admitted in this District)
djones@kasowitz.com
Marcus A. Barber (CA Bar No. 307361)
(Admitted in this District)
mbarber@kasowitz.com
John W. Downing (CA Bar No. 252850)
(Admitted in this District)
jdowning@kasowitz.com
Heather S. Kim (CA Bar No. 277686)
(Admitted in this District)
hkim@kasowitz.com
ThucMinh Nguyen (CA Bar No. 304382)
(Admitted in this District)
tnguyen@kasowitz.com
**KASOWITZ BENSON TORRES LLP**
333 Twin Dolphin Drive, Suite 200
Redwood Shores, California 94065
Telephone: (650) 453-5170
Facsimile: (650) 453-5171

Paul G. Williams (Georgia Bar No. 764925)
(Admitted in this District)
pwilliams@kasowitz.com
**KASOWITZ BENSON TORRES LLP**
1230 Peachtree Street N.E., Suite 2445
Atlanta, Georgia 30309
Telephone: (404) 260-6080
Facsimile:  (404) 260-6081

**Attorneys for Plaintiff**
**FINTIV, INC.**